Aaron Wade STINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 044–94.

Court of Criminal Appeals of Texas.

May 10, 1995.

Phil Robertson, court appointed on appeal, Clifton, for appellant.

Andy J. McMullen, Dist. Atty., & Ben L. Stool, Asst. Dist. Atty., Hamilton, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was indicted for the felony offense of attempted murder, V.T.C.A. Penal Code, §§ 15.01 and 19.02, alleged to have been committed on or about the 17TH day of April 1992, in Bosque County. Appellant was convicted by a jury, of the lesser included offense of aggravated assault on the 26TH day of January, 1993, in the 220TH District Court of Bosque County. After appellant pled true to one enhancement count, the jury assessed punishment at twenty years confinement in the Texas Department of Criminal Justice—Institutional Division.

The Tenth Court of Appeals reversed, and remanded the case for retrial. *Stine v. State,* No. 10–93–038CR (Tex.App.—Waco, delivered November 3, 1993). The court of appeals held that Texas Constitution art. V, § 7 is considered jurisdictional and that parties to a lawsuit cannot by agreement confer jurisdiction where it does not exist.[1] We granted the State's petition for discretionary review to decide whether the court of appeals erred in holding that the provision contained in Tex. Const., art. V, § 7, requiring the trial court to conduct its proceedings only at the county seat at which the case is pending, cannot be waived by agreement of the parties.[2]

## I. SUMMARY OF PERTINENT FACTS

On the first day of trial, the prosecution presented fourteen witnesses; however the complaining witness, Johney Verzwyvelt, was unable to appear in court because he was hospitalized. All of the first day testimony occurred in the courthouse in Meridian, which is the county seat of Bosque County. At the end of the day, the parties agreed to recess and reconvene the next day in a hospital in Clifton so that the testimony of Mr. Verzwyvelt and Dr. Mark Campbell could be heard. Appellant's lawyer agreed that taking the doctor's testimony at the hospital would be the "most efficient way to do it." The next day, the court, jurors, attorneys and appellant met at the Goodall–Witcher Hospital and heard the testimony of Mr. Verzwyvelt and Dr. Campbell. There was no objection made to the court conducting this portion of the proceedings outside the county

---

**1.** The Texas Constitution art. V, § 7 states as follows: "The Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law."

**2.** The State's question for review states as follows: "Can the State and the defendant, by agreement and by failing to object, waive the following provision contained in the *Texas Constitution,* art V, § 7: 'The Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law'."

seat. The remainder of the Court's proceedings were held in the courthouse at Meridian.

## II. ANALYSIS OF CLAIM

The Texas Supreme Court has held that art. V, § 7 of the constitution requires that a judge cannot hold a regular term of his court at any place other than the county seat of the county. *Turner v. Tucker*, 113 Tex. 434, 258 S.W. 149 (1924); *Whitner v. Belknap*, 89 Tex 273, 34 S.W. 594 (1896); *Lyons–Thomas Hardware Co. v. Perry Stove Mfg. Co.*, 88 Tex. 468, 27 S.W. 100 (1894). In *Lyons–Thomas*, the Court stated the general rule that "a judge of the district court in this state has no power to adjudicate the rights of litigants except at the times and places prescribed by law for holding court, unless the authority is conferred by statute." *Lyons–Thomas*, 27 S.W. at 109.

■ Art. V, § 7 of the Texas Constitution requires that a district court "conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." Tex. Const., art. V, § 7. In interpreting statutes, it is the practice of this court to concentrate on the literal text of a statute in order to ascertain its meaning. It is only when the literal text is unclear or would lead to absurd results that we would utilize additional means to reach the statutory intent. *Hernandez v. State*, 861 S.W.2d 908, 909 (Tex.Cr.App.1993); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr. App.1991). This Court should be guided by the same principle when interpreting constitutional provisions. If the words in Art. V, § 7 are given their plain meaning, it is evident that this is a jurisdictional mandate that must be followed. There is no doubt that Tex. Const., art. V, § 7 dictates that the court shall conduct its proceedings in the county seat unless otherwise provided by law.

It is also fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent. *Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993). In applying the facts of this case to the enunciated general rule, the fact that appellant failed to make a timely objection to the court proceedings being held in a hospital

that was located outside of the county seat is irrelevant, and his objection was not waived. A lack of jurisdiction is fundamental error, and is appealable at any time, even if it is raised for the first time on appeal. Under these circumstances, there was no waiver of appellant's objection. *Marin*, 851 S.W.2d at 280.

■ The State argues that in the event that error occurred in the lower court, the conviction of appellant should be affirmed because the error was harmless. Under Tex. R.App.Pro. 81(b)(2), an appellate court must reverse the proceedings of the lower court, unless the appellate court finds, beyond a reasonable doubt, that the error made no contribution to the conviction or to the punishment. Because the language of art. V, § 7 is clear and unambiguous, we interpret it to be mandatory, non-waivable and thus no harm analysis need be done. *Sodipo v. State*, 815 S.W.2d 551, 554 (Tex.Crim.App. 1991).

■ If court proceedings were allowed to be held wherever the judge or parties thought it necessary, not only would the Texas Constitution be violated, but the general public would be greatly harmed because it would lose the right to a public trial provided by law. Defendants have the right to a speedy and public trial, and the constitutional requirement that court proceedings occur in the county seat is a fundamental way to keep our most formal adversarial process open and public. Tex. Const. art. I, § 10; Tex. Code of Crim.Proc.Ann. arts. 1.05, 1.24. Unquestionably, the public has the right to know where court proceedings will be held, and furthermore, it has the right to be present at any or all of such public proceedings, as the law may provide.

It may be the case that it is too burdensome for individuals to actually appear in court; however the legislature has made provisions for such situations. The Texas Code of Criminal Procedure art. 39.02 provides that a defendant may request to take the deposition of a witness.

## III. RESPONSE TO DISSENT

The dissent opines that V.T.C.A. Gov't Code, § 21.001(b) and Tex.R.Crim.Evid. 610(a) provide authority for the trial court to allow portions of the trial to take place in a hospital away from the courthouse and not in the county seat. However these provisions deal with a trial court's authority to control the manner, mode and order of the conduct of the trial, but they do not address the *location* of trial proceedings. As discussed above, Tex. Const., art. V, § 7 provides for the *location* of court proceedings, i.e. "at the county seat of the county in which the case is pending[.]" The dissent also suggests that an appropriately "liberal" interpretation of art. V, § 7 would lead to a common sense approval of having the proceedings in the hospital as occurred in the instant cause; however such "liberalism" would likewise allow trial proceedings to occur literally anywhere in the county, state or United States, or even anywhere in the world.

In footnote 4, the dissent also suggests that this Court is not exercising common sense in concluding that the trial court erred in conducting a portion of the trial in a hospital away from the courthouse and not in the county seat. We do not conclude that the "sense" of allowing trial proceedings to occur literally anywhere a trial court wants is any more "common" than the sense in abiding by the Texas Constitution's provisions in art. V, § 7, i.e. in conducting trial proceedings "at the county seat of the county in which the case is pending[.]"

Since the trial court did not have the power to do what it did in violation of the Texas Constitution, appellant did not waive any right to later complain about it, as the above-discussed art. V, § 7 provisions are absolute systemic requirements which are not forfeitable per *Marin v. State,* 851 S.W.2d 275, 279–80. Thus regardless of whether it is the State or the defendant which is seeking to conduct proceedings in contravention of art. V, § 7, the trial court is precluded from convening trial proceedings in a hospital away from the county seat.

There are specific statutory provisions for conducting court proceedings in places other than "the county seat of the county in which

the case is pending[.]" These include upon motion for change of venue pursuant to the provisions of Chapter 31 of the Texas Code of Criminal Procedure. Also, V.T.C.A. Gov't Code, §§ 24.105 and 24.381 specifically provide for court proceedings in Texarkana, which is not the county seat of Bowie County. These are examples of the "except as otherwise provided by law" provision of art. V, § 7.

The dissent also states that the record does not reflect that the trial court actually "adjudicated" any of the litigants' rights except in the courthouse in the county seat. However, the record clearly reflects, and it is not even disputed, that trial proceedings, including testimony from witnesses and the identification of physical evidence, took place at the hospital which was not in the county seat. Thus the litigants' rights to present testimony and other evidence certainly were "adjudicated" at the hospital.

The dissent in footnote 7 states that it was within the trial court's discretion to decide that the State's need to present its evidence outweighed appellant's right to have the proceedings conducted in accordance with the requirements of art. V, § 7. However, the "need" of either or both parties does not supersede the requirements of the Texas Constitution.

The dissent also compares the facts in the instant cause to those of a "jury view" in which jurors are taken from the courthouse to some other locale to view something. However, it neglects to mention that jury views are denounced in this state. *Jones v. State,* 843 S.W.2d 487, 499 (Tex.Cr.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993); *Weeks v. State,* 476 S.W.2d 310, 316 (Tex.Cr.App.1972). In fact, this Court has indicated that if a jury receives evidence from an inspection via such a jury view that could militate against the rights of the accused, and the matter is properly preserved for review, it would be reversible error. *Abell v. State,* 109 Tex.Crim. 380, 5 S.W.2d 139, 141 (1928); *Watson v. State,* 52 Tex.Crim. 85, 105 S.W. 509, 512 (1907) (op. on reh'g).

In footnote 8, the dissent suggests that pursuant to *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Cr.App.1985), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985), appellant's testimony at punishment precludes reversal due to violation of art. V, § 7 in having the proceedings at the hospital. The record does reflect that appellant testified at punishment and admitted to pointing a shotgun at the complainant's chest and cocking it by pulling back the hammer. Appellant further testified that the shotgun fired when the complainant grabbed and pulled it; but he denied any intent to kill or shoot. We also observe that, while the State's response brief below did make its *DeGarmo* argument, the court of appeals did not address it in deciding the merits of appellant's claim. Remand to the court of appeals to address the State's *DeGarmo* argument might have been appropriate had the State sought discretionary review on the issue of the court of appeals not addressing that argument. However, while the State's argument in the body of its petition for discretionary review also mentioned its *DeGarmo* argument, its sole "question" for review did not, but rather simply asked whether the State and the defendant, by agreement and failing to object, could waive the above-discussed provision of art. V, § 7 dealing with conducting court proceedings at the county seat. Because no ground or question for review was granted, or even raised, on the *DeGarmo* argument or the court of appeals' failure to address it, such issue is not properly before this Court and it would be inappropriate for this Court to address such.

The dissent finally suggests that abiding by the Texas Constitution and conducting trial proceedings at the courthouse in the county seat as is required by art. V, § 7, is a "triumph of narrow technicalities over practical common sense." However, we, and hopefully other judges in this State, are not willing to conclude that abiding by the terms of the Texas Constitution is a "narrow technicalit[y.]" In fact, we venture to say that a majority of Texans would and should expect judges to follow the Constitution pursuant to their oath of office.

## IV. CONCLUSION

We conclude that Art. V, § 7 of the Texas Constitution is jurisdictional, and non-waivable, and therefore affirm the judgment of the court of appeals.

CLINTON, J., joins parts I, II, & IV.

MALONEY, J., concurs in the result.

MEYERS, Judge, concurring.

The Constitution of Texas requires every district court to "conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." Art. V, § 7. In the instant cause, the district judge did not do so or, at least, he did not conduct all of his court's proceedings at the county seat. Rather, in order to receive the testimony of a seriously injured witness who was not expected to live long, the court convened for a short time in a different city of the county.

In order to affirm appellant's conviction in this cause, we might construe the phrase "its proceedings" to mean "most of its proceedings," in which event the court's conduct would plainly not have been in violation of the Constitution. We might accomplish a like result by holding that the constitutional exception for events "otherwise provided by law" confers authority on the district judge to make exceptions himself by judicial fiat. But either of these interpretations would be a gross distortion of the plain constitutional language. Clearly, the provision in question here was meant, for whatever reason, to forbid exactly what happened in this case.

Nevertheless, Presiding Judge McCormick and his fellow dissenters maintain that the taking of testimony outside the county seat is provided for by the statute authorizing trial judges to "require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done." Tex. Gov't Code § 21.001(b). With all due respect, this argument is almost ludicrous. If it is Judge McCormick's position that orderly and expeditious proceedings could not have been had in this case at the courthouse or that it would have been impossible to do justice there, neither the law nor the record of trial in this

case remotely supports his conclusion. It is no wonder, therefore, that he makes no effort to demonstrate the absence of other methods for securing the needed testimony or that employing them would have been disruptive or disorderly. The whole of his argument is an unabashed fictionalization of the statute law. Clearly, if the dissenters had their way, the constitutional mandate that cases be tried at the county seat would exist only at the pleasure of district judges, subject to review only for an abuse of discretion. This is such a patently false reading of the Constitution that I cannot subscribe to it, no matter how good the reasons may be for amending our statutes to permit what the trial judge did in this case.

The plurality opinion is little better. For reasons which elude my understanding, this Court is prone to characterize any nonwaivable requirement of the law as jurisdictional, with the invariable consequence that its opinions are more confusing than they need to be. Although the word "jurisdiction" has a broad meaning in common parlance, and is often used as a synonym for "authority" even in legal writing, it is traditionally considered in the law to identify a much more specific kind of power.

A court's jurisdiction is comprised generally of its authority to render a particular kind of judgment (such as an order of commitment or a judgment for money damages) in some kinds of disputes (such as felony criminal prosecutions or personal injury lawsuits) between certain classes of persons (such as everyone present within the state or within a subdivision of the state). *See Garcia v. Dial,* 596 S.W.2d 524 (Tex.Crim.App.1980); *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Crim. App.1981); *El Paso v. Madero Development,* 803 S.W.2d 396, 399 (Tex.App.—El Paso 1991). There are, of course, many other nonjurisdictional aspects of litigation in which the conduct of a court is controlled by law. Sometimes, when the court's conduct violates one of these laws, especially a law which seems "mandatory" on its face, it is common to say that the court did not have authority to act as it did. But it is a mistake to say that the court was without jurisdiction in the matter.

If the problem were merely semantical, calling attention to it would be sniveling. But, whether defects of adjudication are considered jurisdictional has a profound effect on the treatment they receive in other contexts. The writ of habeas corpus, for example, is available to set aside a criminal conviction on the basis of any jurisdictional defect in the proceedings which led to it, no matter how remote in time. Apart from violations of the United States Constitution, and a few anomalies of Texas law, we do not permit the writ to attack anything else. *Ex parte Banks,* 769 S.W.2d 539, 540 (Tex.Crim.App. 1989). Characterizing a defect as jurisdictional, therefore, automatically subjects all past cases in which it occurred to further judicial review, and the convictions obtained in those cases to reversal. Indeed, because such convictions are absolutely void, courts may simply ignore them, even absent formal orders setting them aside. *Hoang v. State,* 872 S.W.2d 694, 698 (Tex.Crim.App.1993). Plainly, calling something jurisdictional is not just a different way of saying that a judge lacks authority to do it.

Thus, while I agree that the Texas Constitution requires trials in district court to be conducted at the county seat and that the requirement is systemic, not a waivable right of the parties, *Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993), I do not agree that proceedings held outside the county seat fall beyond the district court's jurisdiction. I do believe, however, that such proceedings are voidable, and that they may be set aside on the basis of a complaint raised for the first time on appeal. In my view, for reasons substantially the same as those elaborated in the plurality opinion, the constitutional requirement that district court proceedings be held at the county seat is undoubtedly a systemic requirement. Accordingly, I concur in the judgment of the Court.

McCORMICK, Presiding Judge, dissenting.

Apparently, the victim in this case was so severely injured that he was unable to appear in court because he was hospitalized in a town which was not the county seat of the

county where trial occurred.[1] After some discussion among the lawyers and the trial court, appellant affirmatively agreed to have the proceedings moved to the hospital for the testimony of the victim and a doctor witness.[2]

"[THE COURT]: Any problems?

"[APPELLANT]: No, sir. We'll concur with that. Seems like that's the most efficient way to do it."

Based on Article V, Section 7, of the Texas Constitution, appellant claimed on direct appeal the trial court lacked jurisdiction to conduct the proceedings at the hospital because it was located approximately ten miles outside the county seat, and the parties could not confer by consent or waive the trial court's jurisdiction. Because the majority adopts this, I dissent.

I would hold Article V, Section 7, was not violated in this case. Article V, Section 7, in relevant part, says:

"The [District] Court shall conduct its proceedings at the county seat of the county in which the case is pending, *except as otherwise provided by law.* (Emphasis Supplied)."

This provision has been interpreted to mean that "a judge of the district court in this state has no power to adjudicate the rights of litigants except at the time and places prescribed by law for holding courts, unless the authority is conferred by statute."[3] See *Lyons–Thomas Hardware Co. v. Perry Stove Mfg. Co.,* 88 Tex. 468, 27 S.W. 100, 109 (1894); *Isbill v. Stovall,* 92 S.W.2d 1067, 1070 (Tex.Civ.App.—Eastland 1936, no writ). The

majority fails to give effect to the plain meaning of Article V, Section 7, by ignoring the "except as otherwise provided by law" language in it.

One issue is whether there exists any authority "conferred by statute" that grants Texas *courts* the discretion to follow the procedure the trial court followed in this case. I have found at least one statute and one rule that grant Texas *courts* this authority.

For example, Section 21.001(b), Texas Government Code, provides:

"A court shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done."

In addition, Tex.R.Crim.Evid. 610(a) provides:

"The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

These authorities grant Texas *courts* the discretion to do what happened here; therefore, Article V, Section 7, was not violated.[4] See also V.T.C.A., Government Code, Section 24.017 (Proceedings in Multicounty Districts). And, since the trial court had the power to do what it did, appellant waived any right he

---

1. See V.T.C.A., Government Code, Section 24.398, (The 220th Judicial District is composed of Bosque, Comanche, and Hamilton counties).

2. There was evidence presented at the hearing on appellant's motion for new trial that this was a strategic decision by appellant's trial counsel. There was some concern the victim might die. According to appellant's trial counsel, if this case could be tried before the victim died, then the State could not later prosecute appellant for murder.

3. This should be distinguished from a district court's subject-matter jurisdiction set out in Article V, Section 8, of the Texas Constitution.

4. In addition, there is other statutory authority that invites this Court to exercise common sense

in construing the relevant statutory provisions to effectuate the purposes of the Code. See, e.g., Article 1.03, V.A.C.C.P. (Objects of the Code); see also Tex.Gov't.Cd., Section 311.023(1) & (5); but see *Boykin v. State,* 818 S.W.2d 782, 786 fn. 4 (Tex.Cr.App.1991). Also, V.T.C.A., Penal Code, Section 1.05(a), does away with "strict construction" of a penal statute and requires this Court to "liberally" construe the provisions of the Code "according to the fair import of their terms, to promote justice and effect the objectives of the code." These provisions also fall within the "except as otherwise provided by law" language of Article V, Section 7, and they permit this Court to uphold what the trial court did in this case "to promote justice and effect the objectives of the code." See, e.g., V.T.C.A., Penal Code, Section 1.05.

had to later on complain about it.[5] See *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Cr.App.1993).

Also, notwithstanding the foregoing, Article 1.14(a), V.A.C.C.P., states:

"The defendant in a criminal prosecution for any offense may *waive any rights secured him by law* except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code." (Emphasis Supplied).

This provision also comes within the "except as otherwise provided by law" language of Article V, Section 7, and it gives defendants in a criminal prosecution the ability to waive its requirements.[6]

In addition, this record does not reflect the trial court actually "adjudicated" any of the litigants' rights except in the courthouse in the county seat; therefore, Article V, Section 7, is not even implicated. See, e.g., *Lyons–Thomas Hardware Co.*, 27 S.W. at 109; *Isbill*, 92 S.W.2d at 1070–71. What happened here was approximately one day of testimony was taken in a hospital located approximately ten miles outside the county seat because of the State's need for its evidence.[7] Every-

thing else was done at the courthouse.[8] The facts here are not much different than where the court allows a "jury view." See, e.g., Wendorf, *Some Views On Jury Views*, XV Baylor Law Review 379–399 (Fall 1963); see also *State v. O'Day*, 188 La. 169, 175 So. 838, 842 (1937):

"The right to take the jury to the scene and to take testimony there to explain it is a right based on necessity, and it is within the discretion of the court to determine whether a necessity existed to take testimony at the scene. This seems to be the most reasonable rule because under such a rule neither the defendant or (sic) the State would be deprived of their evidence."

Finally, the majority gratuitously concludes Article V, Section 7, is "mandatory" and "thus no harm analysis may be done." I agree that any jurisdictional violation of Article V, Section 7, *might* not be subject to a harmless error analysis. However, to the extent the majority opinion suggests all violations of mandatory, nonjurisdictional provisions are not subject to a harmless error analysis, I disagree. See, e.g., *Roberts v. State*, 784 S.W.2d 430, 435–38 (Tex.Cr.App. 1990).

**5.** Even had appellant objected, it was within the trial court's discretion to have decided the procedure followed here would have made "the interrogation and presentation effective for the ascertainment of the truth," and that justice otherwise would not have been done, because the State would have been deprived of its evidence. See Tex.R.Crim.Evid. 610; Tex.Gov't.Cd., Section 21.001(b). Appellant's lawyer even said the procedure followed here was "the most efficient way to do it." Under the majority's interpretation of Article V, Section 7, the State would have been deprived of its evidence in this case. *This also could happen to a defendant in a later case.*

**6.** The State also argues Article V, Section 7, speaks to venue because it is Article V, Section 8, that sets out the district court's subject-matter jurisdiction. See, e.g., *Etchieson v. State*, 574 S.W.2d 753, 759 (Tex.Cr.App.1978). The State further argues that since Article V, Section 7, is not jurisdictional, then "it creates a right which is forfeited if not insisted upon by the party to whom it belongs." See *Marin*, 851 S.W.2d at 279–80. This is a persuasive argument which the majority should at least address.

**7.** Apparently, part of the rationale of the majority opinion is that a "defendant may request to take

the deposition of a witness" pursuant to Article 39.02, V.A.C.C.P. However, this case involves a situation where the State would have been deprived of its evidence.

Another part of the majority's rationale appears to be the loss of the right to a public trial. However, there is no evidence of a violation of that right. And, under the facts of this case, it was within the trial court's discretion to decide the State's need to present its evidence outweighed appellant's right to have the proceedings conducted in the courthouse.

**8.** In addition, any violation of Article V, Section 7, does not make the other proceedings that occurred in the courthouse in the county seat void. The record reflects appellant admitted his guilt during the punishment phase which occurred in the courthouse in the county seat. Under these circumstances, appellant would not be entitled to the remedy of a reversal of his conviction due to any jurisdictional violation of Article V. Section 7, in having part of the proceedings at the hospital. See, e.g., *DeGarmo v. State*, 691 S.W.2d 657, 660–61 (Tex.Cr.App.1985) (when a defendant does not testify at the guilt-innocence stage, but does testify at the punishment stage and admits his guilt, he has entered the equivalent of a guilty plea).

Because the majority opinion represents yet another triumph of narrow technicalities over practical common sense, I dissent.

WHITE and KELLER, JJ., join this dissent.

MANSFIELD, Judge, dissenting.

Because the victim in this case was hospitalized and evidently unable to leave the hospital, both the State and appellant agreed to move the proceedings to the hospital *solely* to hear the testimony of the victim and an attending physician. The record suggests that appellant's trial counsel's strategy was to obtain the victim's testimony as quickly as possible and to conclude the trial promptly because there was a possibility the victim might die, thus leaving appellant vulnerable to a murder prosecution. The testimony was taken the next day at the hospital, ten miles outside the county seat.

Article 1.14(a) of the Texas Code of Criminal Procedure provides: "The defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13 of the code." The record shows clearly appellant waived any potential claim, under Art. V, Sec. 7 of the Texas Constitution, that the trial court violated said provision by taking testimony outside of the county seat.

This Court, in *Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991), held:

If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then *and only then,* out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extratextual factors as executive or administrative interpretations of the statute or legislative history.

*Boykin* at 786–787. We have held that constitutional provisions are to be interpreted in a similar, common-sense and reasonable manner. *Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581, 585 (Tex.Cr.App. 1993). See C. Antieau, *Constitutional Construction,* Section 2.02 (1982). The Texas Supreme Court held, in *Cramer v. Sheppard,* 140 Tex. 271, 167 S.W.2d 147 (1942): "the rule has long prevailed in this State that constitutional provisions should not be given a technical construction that would defeat their purpose ... We are also not unmindful of the rule that constitutional and statutory provisions will not be so construed or interpreted as to lead to absurd conclusions, great public inconvenience ..." *Cramer,* 167 S.W.2d at 154, 155. To interpret Art. V, Sec. 7 to require automatic reversal in the present case, and the resulting expenditure of valuable time and scarce resources that would be consumed by a retrial, where only a small portion of the proceedings were held outside the county seat and within the same judicial district with appellant's consent would be an absurd result. To hold otherwise would also prohibit jury views outside of the county seat.

Art. V, Sec. 7 clearly places significant restrictions on where the district court must conduct its proceedings. For instance, any action must commence in the county seat and must be concluded there. The only exception to this constitutional requirement is where—as in the present case—the parties to the action consent to a *limited* conduction of the proceedings outside of the county seat and it is clear from the record that doing so is in the interest of justice. See Tex. Gov't Code, § 21.001(b).

I respectfully dissent and would reverse the judgment of the court of appeals and affirm the judgment of the trial court.