Stine v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-021-CR

        AARON WADE STINE,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 92-10-11616
                                                                                                    

O P I N I O N
                                                                                                    

          Appellant, Aaron Wade Stine, appeals from the trial court's refusal to issue a Writ of
Habeas Corpus and discharge him from further prosecution in a retrial for attempted murder. On
appeal, Stine argues that a retrial for attempted murder is barred by the double jeopardy clauses
of both the United States and Texas Constitutions. U.S. Const. V, XIV; Tex. Const. I, § 14. 
We will sustain the point of error and reverse the trial court's ruling.
          In October 1992, Stine was indicted for attempted murder. Tex. Penal Code Ann. §§
15.01(a), 19.02(b)(2) (Vernon 1994). A jury convicted Stine of the lesser-included offense of
aggravated assault. Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(1) (Vernon 1994). This
court, in an unpublished opinion, reversed Stine's conviction and remanded the cause for a new
trial, holding the trial court violated the Texas Constitution, Tex. Const. art. V, § 7, when it
convened one day of the trial at a hospital in Clifton, which is not the county seat of Bosque
County.


 We concluded the error was jurisdictional in nature. Stine v. State, No. 10-93-038-CR
(Tex. App.—Waco, November 3, 1993) (not designated for publication). The Court of Criminal
Appeals affirmed in Stine v. State, 908 S.W.2d 429, 433 (Tex. Crim. App. 1995). The State, on
retrial, has proceeded to reprosecute Stine on the original indictment, including the attempted
murder charge. Stine filed an application for a writ of habeas corpus in the trial court, alleging
that further prosecution on the charge of attempted murder is barred by double jeopardy. The trial
court denied Stine's application, finding that Stine's reprosecution for attempted murder was not
barred by double jeopardy under either the federal or state constitutions. U.S. Const. V, XIV;
Tex. Const. I, § 14. It is from this ruling that Stine appeals. 
          Jurisdiction is the authority conferred upon a court by the constitution and laws of the state
which allows a court to adjudicate litigants' rights and render a judgment. See National Life Co.
v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1024 (Tex. 1943); see also Skillern v. State, 890
S.W.2d 849, 859 (Tex. App.—Austin 1994, pet. ref'd) (jurisdiction is the authority of a court to
try a case). In Texas, only the state constitution and the laws adopted by the state legislature can
grant jurisdiction to the courts. See Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App.
1993); see also Tex. Const. V, § 8. 
          District courts have original jurisdiction over all felony offenses. Tex. Code Crim. Proc.
Ann. art. 4.05 (Vernon Supp. 1996); Boyle v. State, 820 S.W.2d 122, 139 (Tex. Crim. App.
1991) (citing Ex parte Watson, 601 S.W.2d 350, 351 (Tex. Crim. App. 1980), cert. denied, 503
U.S. 921, 112 S.Ct. 1297-98 (1992)). Attempted murder is a felony of the second degree. Tex.
Penal Code Ann. §§ 15.01(d), 19.02(c) (Vernon 1994). Therefore, the 220th District Court of
Bosque County acquired jurisdiction over Stine when the indictment for attempted murder was
properly filed. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981)
(district courts obtain jurisdiction over a defendant accused of a felony when an indictment is
properly filed). 
          We now turn to the question of whether, as the State contends, holding part of the trial in
contravention of the Texas Constitution terminated the district court's jurisdiction over Stine.
          The Texas Constitution mandates that a district court conduct its proceedings only at the
county seat of the county in which the case is pending. Tex. Const. V, § 7; Howell v. Mauzy,
899 S.W.2d 690, 699 (Tex. App.—Austin 1994, writ denied) (citing Bridgman v. Moore, 143
Tex. 250, 183 S.W.2d 705, 708 (1944)); see also Turner v. Tucker, 113 Tex. 434, 258 S.W. 149,
150 (1924); Isbill v. Stovall, 92 S.W.2d 1067, 1072 (Tex. Civ. App.-Eastland 1936, no writ). 
Furthermore, it has been held that a district court "has no power to adjudicate the rights of
litigants except at the time and places prescribed by law." Stine, 908 S.W.2d at 431 (citing Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 88 Tex. 468, 27 S.W. 100, 109 (1894)). The
Court of Criminal Appeals expressly stated that Stine's rights had been "adjudicated" during the
proceeding which took place in the hospital. Id. at 432. In light of that holding, it is apparent the
district court had no authority to hold part of Stine's trial outside Meridian. However, "lack of
authority" is not synonymous with "lack of jurisdiction." See Mireles v. Waco, 502 U.S. 9, 13,
112 S.Ct. 286, 289 (1991) (a trial court retains its jurisdiction over a matter even when it acts
beyond its authority). We conclude that, even though the trial court was without authority to
convene the second day of Stine's trial in Clifton's Goodall-Witcher Hospital, the trial court still
retained its jurisdiction over Stine and his case. Therefore, when the jury was sworn and
empaneled on the first day of Stine's trial, prior to the ill-advised jaunt to Clifton, jeopardy
attached for the offense of attempted murder. Downum v. United States, 372 U.S. 734, 737-38,
83 S.Ct. 1033, 1035-36 (1963); Brown v. State, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995).
          Because we have found that Stine was put in jeopardy during his first trial, we must
determine the effect of the jury's finding Stine guilty of the lesser-included offense of aggravated
assault instead of the original charge of attempted murder. The United States Supreme Court was
presented with a similar situation in Green v. United States, 355 U.S. 184, 185-86, 78 S.Ct. 221,
222-23 (1957). Green was charged with arson and first degree murder but the jury convicted him
of arson and second degree murder. Id. at 185, 78 S.Ct. at 222. His second degree murder
conviction was reversed and the case remanded for a new trial. Id. at 186, 78 S.Ct. at 223. On
remand, Green was retried for first degree murder, and the jury returned a guilty verdict. Id. The
verdict was affirmed on appeal, and the United States Supreme Court granted certiorari to
determine if Green had been put in jeopardy twice for the offense of first degree murder. Id. 186-87, 78 S.Ct. at 223. The Court held the first jury's verdict, that Green was guilty of second
degree murder, was "an implicit acquittal on the charge of first degree murder" and that such
acquittal ends a defendant's jeopardy and bars subsequent prosecution for the same offense. Id.
at 188, 190, 78 S.Ct. at 224, 225; see also Iglehart v. State, 837 S.W.2d 122, 127 (Tex. Crim.
App. 1992) (double jeopardy clause of the Texas Constitution provides protection from a second
prosecution for the same offense after an acquittal). 
          Green is analogous to the present case. At his first trial, the jury had the option of finding
Stine guilty of attempted murder, but elected to convict him of the lesser-included offense of
aggravated assault. Stine, 908 S.W.2d at 430. Like Green, Stine was "forced to run the ga[u]ntlet
once on [the charge of attempted murder] and the jury refused to convict him." Green, 355 U.S.
at 190, 78 S.Ct. at 225. We therefore conclude that trying Stine a second time for attempted
murder would put him in double jeopardy as prohibited by both the federal and state constitutions. 
See Stephens v. State, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990) (conceptually, the double
jeopardy clauses of the federal constitution and the Texas constitution are the same). 
Consequently, we reverse the trial court's ruling denying Stine's application for a writ of habeas
corpus and order that Stine be relieved from further prosecution for attempted murder, noting that
double jeopardy does not bar the State from reprosecuting Stine for aggravated assault. 
          The cause is reversed and remanded for proceedings consistent with this opinion. 
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed October 16, 1996
Do not publish Publish by order issued December 11, 1996. See Tex. R. App. P. 90(c). 



7in"> 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings 
          and Justice Vance
Affirmed
Opinion delivered and filed May 15, 1996
Do not publish