NO. 07-05-0213-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 23, 2005



______________________________



LARRY DEE AMES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 _________________________________



FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;



NO. 3652; HONORABLE RON ENNS, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant, Larry Dee Ames, attempts to appeal his conviction for the felony offense
of driving while intoxicated. Finding we have no jurisdiction to consider the appeal, we
dismiss. 

 Appellant was found guilty by a jury and sentenced December 13, 2004. He filed
a motion for new trial and motion in arrest of judgment together with his notice of appeal
on April 21, 2005. In a criminal case appeal is perfected by a timely notice of appeal. Tex.
R. App. P. 25.2(b), 26.2(a). A notice of appeal is timely if filed within 30 days of the date
sentence is imposed or suspended, unless a motion for new trial is filed within the same
period. Tex. R. App. P. 26.2(a), 21.4(a). The timely filing of a motion for new trial permits
the notice of appeal to be filed within 90 days of the day sentence is imposed. Tex. R. App.
P. 26.2(a)(2). Either deadline for the notice of appeal may be extended if a motion to
extend the time to file the notice is filed within 15 days after the deadline. Tex. R. App. P.
26.3. If an appeal is not timely perfected, a court of appeals lacks jurisdiction and can take
no action other than to dismiss the appeal. Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App. 1996). No motion for extension of time has been filed in this case.

 By letter dated June 16, 2005, we advised appellant the notice of appeal appeared
untimely and directed him to explain why the appeal should not be dismissed for want of
jurisdiction. He responded, asserting the appeal should not be dismissed because
"appellant has obtained the consent of all parties involved in the trial of this Cause." Texas
courts have consistently held jurisdiction cannot be conferred by consent. See, e.g., Stine
v. State, 908 S.W.2d 429, 431 (Tex.Crim.App. 1995), citing Marin v. State, 851 S.W.2d
275, 279 (Tex.Crim.App. 1993). Appellant offers no authority to the contrary. We find the
absence of a timely notice of appeal deprives this court of jurisdiction. Lacking jurisdiction,
the only action we may take is dismissal. We therefore dismiss this appeal.


 James T. Campbell

 Justice




Do not publish.



true" Name="heading 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00013-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
28, 2010

 



 

RANDY BROWN, APPELLANT

 

v.

 

BILL HOLMAN AND

CLAYTEX PROPERTIES, INC., APPELLEES 



 



 

 FROM THE 97TH DISTRICT COURT OF CLAY
COUNTY;

 

NO. 2008-0000187C-CV; HONORABLE VICKI ISAACKS, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Randy Brown has filed a
motion for partial dismissal of this appeal. Specifically, Brown seeks
dismissal of appellee Bill Holman.  A certificate of conference attached to the
motion indicates it is unopposed by Holman and the other appellee,
Claytex Properties, Inc.  The court has issued no opinion.  We therefore dismiss the appeal as it
pertains to appellee Bill Holman.  See Tex.
R. App. P. 42.1(a)(1),(b).  Otherwise, the appeal shall continue and
hereinafter bear the style Randy Brown v. Claytex
Properties, Inc.  No costs shall be
taxed against Holman.  Tex.
R. App. P. 42.1(d).

 

 

Per Curiam