NO. 07-05-0213-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 23, 2005

_____

LARRY DEE AMES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 3652; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant, Larry Dee Ames, attempts to appeal his conviction for the felony offense of driving while intoxicated. Finding we have no jurisdiction to consider the appeal, we dismiss.

Appellant was found guilty by a jury and sentenced December 13, 2004. He filed a motion for new trial and motion in arrest of judgment together with his notice of appeal on April 21, 2005. In a criminal case appeal is perfected by a timely notice of appeal. Tex. R. App. P. 25.2(b), 26.2(a). A notice of appeal is timely if filed within 30 days of the date

sentence is imposed or suspended, unless a motion for new trial is filed within the same period. Tex. R. App. P. 26.2(a), 21.4(a). The timely filing of a motion for new trial permits the notice of appeal to be filed within 90 days of the day sentence is imposed. Tex. R. App. P. 26.2(a)(2). Either deadline for the notice of appeal may be extended if a motion to extend the time to file the notice is filed within 15 days after the deadline. Tex. R. App. P. 26.3. If an appeal is not timely perfected, a court of appeals lacks jurisdiction and can take no action other than to dismiss the appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). No motion for extension of time has been filed in this case.

By letter dated June 16, 2005, we advised appellant the notice of appeal appeared untimely and directed him to explain why the appeal should not be dismissed for want of jurisdiction. He responded, asserting the appeal should not be dismissed because "appellant has obtained the consent of all parties involved in the trial of this Cause." Texas courts have consistently held jurisdiction cannot be conferred by consent. *See, e.g., Stine v. State*, 908 S.W.2d 429, 431 (Tex.Crim.App. 1995), *citing Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App. 1993). Appellant offers no authority to the contrary. We find the absence of a timely notice of appeal deprives this court of jurisdiction. Lacking jurisdiction, the only action we may take is dismissal. We therefore dismiss this appeal.


James T. Campbell
Justice


Do not publish.

2