

# NUMBER 13-13-00045-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN THE INTEREST OF T.A.H., A CHILD

---

**On appeal from the 418th District Court
of Montgomery County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Heather Marie Helton, attempted to perfect an appeal from a judgment entered by the 418th District Court of Montgomery County, Texas, in cause number 11-09-10223-CV. We dismiss the appeal for want of jurisdiction.

### I. BACKGROUND

Judgment in this cause was signed on July 9, 2012. Appellant timely filed a request for findings of fact and conclusions of law. On September 28, 2012, the trial court issued an order extending post-judgment deadlines. The order states that

appellant did not receive notice of the judgment until on or about August 7, 2012, and that it is ordered that "the date of judgment in this case is extended to September 28, 2012, and that all post-judgment deadlines shall be calculated using that as the date of judgment."

Appellant filed a notice of appeal on January 2, 2013. On February 26, 2013, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response.

## II. ANALYSIS

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a request for findings of fact and conclusions of law is timely filed. TEX. R. APP. P. 26.1(a)(4). Where a request for findings of fact and conclusions of law has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. *Id.*

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

When a party adversely affected by the judgment does not receive notice within twenty days of judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the signing of the judgment or other appealable order. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1).

In the instant case, the trial court entered a final appealable order on July 9, 2012. Appellant timely filed a request for findings of fact and conclusions of law making her notice of appeal due 90 days after the judgment was signed. See Tex. R. App. P. 26.1. Because appellant did not receive notice of the judgment within twenty days and the trial court determined that the appellant received notice of the judgment on or about August 7, 2012, appellant's notice of appeal was due 90 days thereafter, on November 5, 2012. Appellant did not file her notice of appeal until January 2, 2013.

Although the trial court's order extending post-judgment deadlines attempts to change the date of judgment to September 28, 2012, it cannot alter the appellate deadlines. It is "well settled" that "appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by the litigants." *Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ); *see Stine v. State*, 908 S.W.2d 429 (Tex. 1995) ("It is . . . fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent."); *Claxton v. (Upper) Lake Fork Water Control & Improvement Dist. No. 1*, 220 S.W.3d 537, 541–42 (Tex. App.—Texarkana 2007, pet. denied) ("Even if both parties agreed that a different date [for the final judgment] actually existed, we are constrained by the rules to determine our jurisdiction by reference to the date on which the judgment was signed.").

3

### III.  CONCLUSION

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect her appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.   *See* TEX. R. APP. P. 42.3(a)(c).


                                        PER CURIAM

Delivered and filed the
2nd day of May, 2013.