

# NUMBER 13-19-00267-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**IN THE INTEREST OF K. T. K., C. W. K., C. L. K., C. L. K., AND K. H. K., CHILDREN**

---

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Richard Krauss attempted to perfect an appeal from an order granting judgment for child support arrearage entered by the 139th District Court of Hidalgo County, Texas, in cause number F-4950-08-C. We dismiss for want of jurisdiction.

Judgment in this cause was signed on February 5, 2019. Appellant timely filed a motion to modify, correct, or reform judgment. On June 7, 2019, appellant filed a notice of appeal and an unopposed motion for extension of time to file notice of appeal.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on May 6, 2019, but was not filed until June 7, 2019. Appellant's motion for extension of time to file notice of appeal incorrectly states the notice of appeal was due May 30, 2019.[1] Texas Rule of Appellate Procedure 26.1 establishes the deadline for filing a notice of appeal based on the date that the judgment was signed. *See* TEX. R. APP. P. 26.1(a). Although appellant filed a motion for extension of time to file the notice

---

[1] Appellant's motion to modify, correct, or reform judgment was filed on March 1, 2019. 90 days from March 1, 2019 is May 30, 2019.

2

of appeal, the notice of appeal was filed beyond the fifteen-day grace period. *See* Tex. R. App. P. 26.3; *Verburgt*, 959 S.W.2d at 617–18.

Appellant's motion for extension of time to file notice of appeal is unopposed, however it is "well settled" that "appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by the litigants." *Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ); *see Stine v. State*, 908 S.W.2d 429 (Tex. 1995) ("It is . . . fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent."); *Claxton v. (Upper) Lake Fork Water Control & Improvement Dist. No. 1*, 220 S.W.3d 537, 541–42 (Tex. App.—Texarkana 2007, pet. denied) ("Even if both parties agreed that a different date [for the final judgment] actually existed, we are constrained by the rules to determine our jurisdiction by reference to the date on which the judgment was signed.").

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, appellant's motion for extension of time to file notice of appeal is DENIED and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* Tex. R. App. P. 42.3(a).

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day of July, 2019.

3