

NUMBER 13-20-00174-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN THE INTEREST OF J.R.M., A CHILD

---

**On appeal from the 347th District Court
of Nueces County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant Jose Luis Montes Jr., proceeding pro se, attempts to appeal from the trial court's "Order in Suit for Modification of Support Order and to Confirm Support Arrearage" which was signed on August 1, 2019. Appellant filed a notice of restricted appeal on March 27, 2020.

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment

is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*. R. 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

To qualify for a restricted appeal, an appellant must establish that: (1) he filed the notice of restricted appeal within six months after the judgment or order appealed from was signed; (2) he was a party to the underlying suit; (3) he did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or notice of appeal; (4) he did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of; and (5) the trial court erred and the error is apparent from the face of the record. *See id*. R. 26.1(c), 30; *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.). Here, appellant's notice of restricted appeal was filed on March 27, 2020, fifty-five days past the restricted-appeal deadline of February 3, 2020, the Monday following the expiration of sixth months from the August 1, 2020 order. *See* Tex. R. App. P. 4.1(a), 26.1(c), 30. Appellant has failed to comply with the first requirement for a restricted appeal because he did not timely file a notice of restricted appeal within six months of the challenged order. Without a timely filed notice of appeal, this Court lacks jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1, 26.1(c).

On April 7, 2020, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the

Court's directive. *See id*. R. 42.3(a), (c). Appellant filed a "Motion to Proceed with Out of Time Restricted Appeal" on April 21, 2020.

It is "well settled" that "appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by the litigants." *Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi–Edinburg 1988, no writ); *see Stine v. State*, 908 S.W.2d 429 (Tex. 1995) ("It is . . . fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent."). An appellate court does not have the authority "to alter the time for perfecting an appeal in a civil case." Tex. R. App. P. 2. Therefore, appellant's motion to extend the appellate deadlines is DENIED.

Appellant's notice of appeal does not demonstrate this Court's jurisdiction over his untimely restricted appeal. *See id*. R. 26.1(c). Accordingly, we dismiss this appeal for want of jurisdiction. *See id*. R. 42.3(a); 43.2(f).

LETICIA HINOJOSA
Justice

Delivered and filed the
30th day of April, 2020.

3