# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00725-CR

---

**William Levi Oliver, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY NO. 79431, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury convicted William Levi Oliver on one count of the second-degree felony offense of indecency with a child and two counts of the first-degree felony offense of aggravated sexual assault of a child, all committed against his stepdaughter. *See* Tex. Penal Code §§ 21.11(a)(1), 22.011(a)(2)(A), (B), (f)(1). The jury assessed punishment at twenty years' imprisonment for the indecency offense and life imprisonment for the two aggravated sexual assault offenses. *See id.* §§ 12.32(a), .33(a). The district court sentenced Oliver in conformity with the jury's verdicts. In two issues on appeal, Oliver contends that the district court violated his constitutional rights and committed fundamental error by allowing two witnesses to testify by videoconference from Alabama and by "essentially mov[ing] the prosecution to Alabama for a time" when those two witnesses testified from there instead of the county seat of Bell County, Texas. We will affirm the district court's judgments of conviction.

## DISCUSSION[1]

**Confrontation Clause**

In his first issue, Oliver contends that the district court committed fundamental error by allowing two of the State's witnesses, Pam Kelley, the executive director of a children's advocacy center, and Lauren Kasi Freeman, a therapist at that same children's advocacy center, to testify by videoconference from Alabama. Kelley testified that she was unable to travel to Texas for trial because the children's advocacy center is "a very small operation, and that would have shut our center down and left no services for children here." Oliver did not object at trial to either of these witnesses testifying by videoconference.

Oliver now contends that by allowing the videoconference testimony, the district court violated his right under the Confrontation Clause of the Sixth Amendment to confront witnesses against him. *See* U.S. Const. amends. VI (providing that accused in all criminal prosecutions shall enjoy right to be confronted with witnesses against him), XIV (making Sixth Amendment protections applicable to states). Oliver argues that when a law imposes a duty on the trial court to act sua sponte, that law creates a right that is not forfeited by a party's inaction. *See Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007) (citing Tex. Code Crim. Proc. art. 26.13 as to admonishments on plea of guilty and stating that "court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived"). Oliver faults the district court for not determining, sua sponte, whether it was necessary for Kelley or Freeman to testify by videoconference, even if no party raised an

---

[1] Both of Oliver's appellate issues are limited to complaints about the district court allowing two witnesses to testify by videoconference from Alabama. Recitation of the facts underlying Oliver's convictions is unnecessary to our disposition of these issues. *See* Tex. R. App. P. 47.1 (requiring issuance of opinion that is brief as possible but addresses every issue raised and necessary to final disposition of appeal).

objection to such presentation of evidence. However, the authorities that Oliver cites in support of this issue do not hold that a trial court commits nonforfeitable error and violates the defendant's Confrontation Clause rights if the trial court allows witness testimony by videoconference. *See Maryland v. Craig*, 497 U.S. 836, 849-50 (1990) ("[T]hough we reaffirm the importance of face-to-face confrontation with witnesses appearing at trial, we cannot say that such confrontation is an indispensable element of the Sixth Amendment's guarantee of the right to confront one's accusers."); *Frangias v. State*, 450 S.W.3d 125, 133 n.7 (Tex. Crim. App. 2013) (noting that counsel never raised question about allowing video testimony with trial court and that "there [was] simply no mention—at least none on the record—of the possibility of video testimony or of a 'web-cam feed' in the courtroom"); *Gonzales v. State*, 818 S.W.2d 756, 759, 764, 766 (Tex. Crim. App. 1991) (rejecting court of appeals' analysis that allowing witness to testify via closed-circuit system, over defendant's objection, was constitutionally infirm).

Further, Oliver does not cite, and our research does not reveal, any authority shifting responsibility to a trial court for a defendant's failure to object to the presentation of witness testimony by videoconference and allowing a defendant to raise a Confrontation Clause complaint for the first time on appeal. Rather, courts review a Confrontation Clause complaint challenging how witness testimony was presented to a jury only if the record shows that the defendant preserved that precise complaint for appeal. *See Coronado v. State*, 351 S.W.3d 315, 319 (Tex. Crim. App. 2011) ("[Witness] did not testify at trial, but the two videotaped interviews were admitted over [defendant]'s confrontation objection."); *Gonzales*, 818 S.W.2d at 759 (considering Confrontation Clause complaint about witness who testified via closed-circuit system over defendant's objection); *see also Cervantes v. State*, 594 S.W.3d 667, 671 (Tex. App.—Waco 2019, no pet.) (concluding that trial court did not violate defendant's Sixth Amendment rights by

3

overruling his objection, denying his motion for continuance, and allowing mother of five young children including newborn to testify via Skype from out-of-state); *Montague v. State*, No. 03-14-00266-CR, 2016 Tex. App. LEXIS 38, at \*12 (Tex. App.—Austin Jan. 6, 2016, pet. ref'd) (mem. op., not designated for publication) (concluding that trial court did not abuse its discretion or violate defendant's Confrontation Clause rights by allowing witness to testify remotely, over defendant's objection, using "glorified Skype"); *accord Brumley v. Wingard*, 269 F.3d 629, 635 (6th Cir. 2001) (noting that "defense counsel objected, preserving its arguments for appeal," trial judge overruled those objections, and "jury then viewed the cleaned-up version of the videotaped deposition [of the out of state witness]").

Because a defendant's Confrontation Clause complaint is subject to preservation requirements, failure to raise it with the trial court forfeits that complaint on appeal. *Wright v. Quarterman*, 470 F.3d 581, 586-87 (5th Cir. 2006) (noting that Texas law generally requires defendant to make specific Confrontation Clause objection to preserve such error); *Lucio v. State*, 351 S.W.3d 878, 909 (Tex. Crim. App. 2011) (concluding that defendant's objections failed to alert trial court to any claim that State's presentation of certain evidence violated her Sixth Amendment right to confront witnesses against her and, thus, failed to preserve such claims for appellate review); *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (holding that Confrontation Clause claims are subject to preservation requirements under Texas Rule of Appellate Procedure 33.1(a)(1)(A)); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (holding that defendant "failed to preserve error on Confrontation Clause grounds" by failing to assert that objection at trial); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) ("We hold that in failing to object at trial, [defendant] waived any claim that admission of the videotape violated his rights to confrontation and due process/due course of law."). Because

4

Oliver failed to raise his Confrontation Clause complaint with the district court, he has failed to preserve it for our review. *See* Tex. R. App. P. 33.1(a); *Davis*, 313 S.W.3d at 347; *Paredes*, 129 S.W.3d at 535; *Briggs*, 789 S.W.2d at 924. Accordingly, we overrule Oliver's first issue.

**Prosecution Partially from Alabama**

In his second issue, Oliver contends that the district court committed fundamental error by "essentially mov[ing] the prosecution to Alabama for a time" by allowing Kelley and Freeman to testify from there instead of Belton, the county seat of Bell County, Texas. Article V, section 7 of the Texas Constitution provides in relevant part that "[t]he Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." Tex. Const. art. V, § 7.

Oliver did not raise this complaint at trial. However, unlike his first complaint, this complaint, although not raised at trial, is not subject to procedural default. *See Stine v. State*, 908 S.W.2d 429, 432 (Tex. Crim. App. 1995) (plurality op.) (concluding that provisions of section 7 of article V of Texas Constitution, which provide for location of court proceedings, "are absolute systemic requirements which are not forfeitable per *Marin*"); *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (categorizing rights and establishing framework for which rights are subject to procedural default), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997); *see also Sanchez v. State*, 120 S.W.3d 359, 365–66 (Tex. Crim. App. 2003) (recognizing that constitutional requirement that district court must conduct its proceedings at county seat is "absolute requirement" and "an appellant may 'complain that an absolute requirement . . . was violated, and the merits of his complaint on appeal are not affected by the existence of a waiver or forfeiture at trial.'" (quoting *Marin*, 851 S.W.2d at 280)).

As the State correctly notes, "every statutorily mandated procedure from the filing of the indictment to the completion of the jury trial occurred in the District Court and in the courtroom in the county seat of the county where the case was pending." *See* Tex. Const. art. V, § 7. The "proceeding" below was a jury trial in Oliver's criminal prosecution for one count of indecency with a child and two counts of aggravated sexual assault of a child. The record reflects that this proceeding was conducted entirely in a courtroom in Belton, Texas, which is the county seat of Bell County. During that proceeding, the jury seated in the courtroom heard from two out-of-state witnesses who testified by electronic means. We are unpersuaded that the electronic, real-time testimony from these two witnesses constituted an independent court "proceeding" occurring in Alabama. *Cf. id.* Significantly, Oliver cites no authority for the proposition that a district court violates Article V, section 7 of the Texas Constitution by making the discretionary decision to allow a witness to testify remotely as part of a jury trial conducted in the county seat where the case is pending. *Cf. id.*; *see Dang v. State*, 154 S.W.3d 616, 619 (Tex. Crim. App. 2005) (noting that trial courts have "broad discretion in controlling the mode and order of interrogation of witnesses and presentation of evidence"); Tex. R. Evid. 611(a) ("The trial court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) and protect witnesses from harassment or undue embarrassment"). Oliver's contention that the district court "essentially moved the prosecution to Alabama for a time" by allowing Kelley and Freeman to testify from there via videoconference lacks merit. We overrule Oliver's second issue.

## CONCLUSION

We affirm the district court's judgments of conviction.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed:   August 27, 2020

Do Not Publish