Kenneth Ray CLARK, Appellant,

v.

The STATE of Texas.

No. 72991.

Court of Criminal Appeals of Texas.

June 2, 1999.

Robert Ford, Fort Worth, for appellant.

Charles M. Mallin, Asst. DA, Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## O P I N I O N

KELLER, J., delivered the unanimous opinion of the Court.

Appellant was convicted of capital murder. Tex. Penal Code Ann. § 19.03(a). Pursuant to the jury's answers to the special issues set forth in Texas Code of Criminal Procedure art. 37.071 §§ 2(b) and 2(e),

he was sentenced to death. Article 37.071 § 2(g).[1] The case was automatically appealed to this Court, Article 37.071 § 2(h). Because of error proscribed by *Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985), we reversed and remanded the case for a hearing on punishment only. *Clark v. State*, 929 S.W.2d 5 (Tex.Crim.App.1996); *see also* Article 44.29(c). At the retrial on punishment, the jury again answered the special issues in the State's favor, and appellant was sentenced to death. Appellant raises six points of error. We will affirm.

All six of appellant's points of error center on the claim that this Court improperly restricted the remand to a hearing on punishment only instead of remanding for a new trial.[2] Article 44.29(c) conferred upon this Court the power to remand a death penalty case for a hearing on punishment only.[3] Appellant's contention is that the Legislature made Article 44.29(c) applicable only to offenses committed on or after the effective date of the statute. In support of his claim, appellant points to Chapter 838 of the Session Laws for the 72nd Legislature:

(a) The effective date of this Act is September 1, 1991, and the change in law made by this Act applies only to an offense that is committed on or after September 1, 1991. For purposes of this Act, an offense is committed before September 1, 1991, if every element of that offense occurs before that date.

(b) An offense before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Session laws, 72nd Legislature, Regular Session, Chapter 838, § 5 (1991). Section 2 of Chapter 838 contains the legislation altering Article 44.29(c) to permit remand for a hearing on punishment only. Appellant's offense was committed in May of 1991, before the effective date of the Act.

The State contends that this legislation was superseded by later legislation making Article 44.29(c) applicable to offenses regardless of when they occurred—whether they were committed before, on, or after the effective date. The State points to Chapter 781 of the Session Laws for the 73rd Legislature:

1. Unless otherwise indicated all future references to Articles refer to Code of Criminal Procedure.

2. In point of error one, appellant contends that our remand for a hearing on punishment only violated the Separation of Powers Clause of the Texas Constitution because we disregarded a statute passed by the Legislature. In point of error two, appellant contends that the trial court's action is void because it lacked subject matter jurisdiction over the proceeding. He contends that the trial court lacked jurisdiction because: "The statute applicable to the appellant gave the trial court subject matter jurisdiction over a trial on the merits and punishment." After that sentence, appellant refers to his brief's Appendix A, containing a copy of the text of Chapter 838. In point of error three, appellant contends that the trial court improperly allowed a waiver of jury trial in a capital case. But appellant received a jury trial at the punishment hearing on remand. He contends that he was denied a right to a jury trial, because the case was not retried on the issue of guilt. In point of error four, appellant contends that the trial court violated his Fourteenth Amend-

ment right to equal protection "by depriving him of a full retrial mandated by the Texas Legislature." In point of error five, appellant contends that this Court has violated his Fourteenth Amendment right to Due Process by retroactively applying an unforeseen judicial construction of a statute by applying Article 44.29(c) retroactively. Finally, in point of error six, appellant contends that counsel on retrial rendered ineffective assistance by failing to make proper objections concerning the applicability of Article 44.29(c) to his prosecution.

3. Art. 44.29(c) provides in relevant part: "If any court sets aside or invalidates the sentence of a defendant convicted of an offense under Section 19.03, Penal Code, and sentenced to death on the basis of any error affecting punishment only, the court shall not set the conviction aside but rather shall commence a new punishment hearing under Article 37.071 or Article 37.0711 of this code, as appropriate, as if a finding of guilt had been returned."

SECTION 5. Notwithstanding Section 5, Chapter 838, Acts of the 72nd Legislature, Regular Session, 1991, the changes in law made by Section 2 of Chapter 838 to Subsections (b) and (c) of Article 44.29, Code of Criminal Procedure, and by Section 3 of Chapter 838 to Article 44.251, Code of Criminal Procedure, apply to an offense whether the offense is committed before, on, or after September 1, 1991.

SECTION 6. The change in law made by this Act applies to an offense whether committed on, before, or after the effective date of this Act.

Session laws, 73rd Legislature, Regular Session, Chapter 781, §§ 5 & 6 (1993). Chapter 781 became effective on August 30, 1993. Session Laws, Chapter 781, notes at the end, last sentence.

 The State's contention is correct. When the language of a statute is unambiguous, we give effect to the plain meaning of the words unless doing so would lead to absurd results. *Boykin v. State,* 818 S.W.2d 782, 785–786 & 786 n. 4 (Tex. Crim.App.1991). After examining the statute, we find that Chapter 781, §§ 5 & 6 are unambiguous: the clear intent of the Legislature was to supersede the language appellant points to in Chapter 838 and make Article 44.29(c) applicable to offenses regardless of when they occurred.

In support of his points of error, appellant contends that we recognized in *Bradford v. State,* 873 S.W.2d 15, 23 n. 4 (Tex. Crim.App.1993), *cert. denied,* 513 U.S. 925, 115 S.Ct. 311, 130 L.Ed.2d 274 (1994), that Article 44.29(c) applied only to offenses committed on or after September 1, 1991. Appellant's interpretation of *Bradford* is correct. *Bradford,* 873 S.W.2d at 23 n. 4. However, *Bradford* was decided on June 9, 1993, before Chapter 781 became effective.

*See, Bradford,* 873 S.W.2d at 15. *Bradford* was correct at the time it was decided, but the statutory basis for *Bradford*'s holding no longer exists. Our previous opinion in the present case was delivered on May 22, 1996, long after Chapter 781 became effective. *Clark,* 929 S.W.2d at 5.

Appellant also relies upon *Janecka v. State,* 937 S.W.2d 456, 461 (Tex.Crim.App. 1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997), and *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), for the proposition that this Court's remand for a hearing on punishment only constituted a retroactive and unforeseeable judicial construction of Article 44.29(c) under the Due Process Clause of the Fourteenth Amendment. However, retroactive construction of Article 44.29(c) was imposed by the Legislature, not by this Court. Appellant raises no challenge to the validity of Chapter 781. And while our remand in this case was at variance from our holding in *Bradford,* the difference was due to an intervening statutory change. In this case, we relied upon an applicability statute that superseded that relied upon in *Bradford.* So, contrary to appellant's claims, we did not "overrule a consistent line of procedural decisions."

Because the law required us to remand the case for a hearing on punishment only, appellant's contentions are without merit. Points of error one through six are overruled.[4] The judgment of the trial court is affirmed.

JOHNSON, J., filed a concurring opinion, in which MEYERS and MANSFIELD, JJ., joined.

I join the opinion of the Court. I write separately to address the issue of procedural default.

---

4. The State argues in its brief that appellant has procedurally defaulted many of his points of error because the logical time for challenging the propriety of remanding for punishment only would have been in a motion for rehearing from the earlier opinion. However, one of the points of error advanced by appellant—jurisdiction—is a type of claim that has traditionally been held immune to procedural default. *Stine v. State,* 908 S.W.2d 429, 431 (Tex.Crim.App.1995); *Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App. 1993). Given our resolution of the case, we do not address the procedural default questions posed by the State.

In 1992, appellant was convicted of capital murder and sentenced to death. On direct appeal, we vacated the judgment of the trial court and remanded the cause for a new punishment proceeding. *Clark v. State,* 929 S.W.2d 5 (Tex.Crim.App.1996), *cert. denied,* 520 U.S. 1116, 117 S.Ct. 1246, 137 L.Ed.2d 328 (1997). Appellant was again sentenced to death, and on direct appeal he now claims that he is entitled to reversal on the basis that, in his prior appeal, we improperly restricted the remand to a hearing on punishment only when he was entitled to a new trial.

Although the majority properly disposes of appellant's claims on the merits, I believe that it does not adequately explain why it does not first reach the issue of procedural default which was raised by the state. *Ante,* at 168 n. 4. It would appear that the majority has it exactly backwards. Traditionally, we initially decide whether an appellant has procedurally forfeited the an error claimed on appeal. Only if we find that there has been no procedural default do we go on to decide the merits of the claim. *See Posey v. State,* 966 S.W.2d 57, 62 (Tex.Crim.App.1998) (under the general rules of procedural default, when an appellate court holds that a defendant has procedurally defaulted a particular claim by not timely raising it in the trial court, the appellate court is saying is that it will not address the merits of the claim raised for the first time on appeal). Such an approach is consistent with the concept of judicial self-restraint.

Typically, issues of procedural default arise when it is claimed that the trial court erred, but the error was not brought to the trial court's attention and was brought up for the first time on appeal. *See, e.g., State v. Mercado,* 972 S.W.2d 75 (Tex. Crim.App.1998) (per curiam) (basic principle of appellate jurisprudence is that points not argued at trial are deemed waived). In the instant case, appellant asserts that this Court erred in its prior opinion. Rather than complaining about this error in a motion for rehearing, *see* Tex.R.App. P. 79.1, appellant allowed our order to become final and the new punishment hearing to conclude before making such a complaint. Thus, it would appear that he has procedurally defaulted his claims. *See Rector v. State,* 738 S.W.2d 235, 247 (Tex.Crim.App.1986) ( on direct appeal, court would not address appellant's contention that Court erred in prior denial of motion for extension of time within which to file Out–of–Time Motion for New Trial, as appellant's contention was in nature of motion for rehearing on court's original order), *cert. denied,* 484 U.S. 872, 108 S.Ct. 202, 98 L.Ed.2d 153 (1987).

In one of his points of error, appellant asserts that the trial court lacked jurisdiction over the punishment hearing it conducted after remand from this Court. All of appellant's points of error are based on a challenge to the authority of this Court to remand for a punishment hearing only, and are thus intertwined with one another. *Ante,* at 167 & n. 2. Because jurisdictional errors cannot be waived or procedurally defaulted,[1] we would need to address this point of error even if appellant's other points of error were procedurally defaulted. Therefore, in the interest of judicial efficiency, it is appropriate, in these circumstances, for this Court to assume, without deciding, that appellant has not procedurally defaulted on the points of error which do not involve jurisdiction. It then becomes appropriate to address the merits of all of appellant's points of error. With these comments, I join the opinion of the Court.

---

**1.** *See, e.g., Stine v. State,* 908 S.W.2d 429, 431 (Tex.Crim.App.1995) (lack of jurisdiction is fundamental error, and is appealable at any time, even if raised for the first time on appeal); *Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993) ("The clearest cases of nonwaivable, nonforfeitable systemic requirements are laws affecting the jurisdiction of the courts").