

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,506-01

### IN RE JAMES INGRAM, JR., Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 210-16-B IN THE 25TH DISTRICT COURT
### FROM GONZALES COUNTY

**YEARY, J., filed a concurring opinion in which RICHARDSON and SLAUGHTER, JJ., joined.**

### CONCURRING OPINION

The Court today denies Relator leave to file an application for a writ of mandamus, in which he asks this Court to order the Gonzales County District Clerk to prepare copies of the transcripts and all documents from Relator's case. I agree with the Court's decision to deny Relator leave to file, but I write separately because Relator's initial request to the District Clerk was sufficient at least to trigger a serious question whether, under *In re Bonilla*, 424 S.W.3d 528 (Tex. Crim. App. 2014), the District Clerk must respond with a cost

estimate for preparing the documents relator requested.

## I. BACKGROUND

Relator is incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice. On November 26, 2018, he sent a letter to the Gonzales County District Clerk, in which he stated: "I am writing in hopes that you can let me know how I can get my trial [t]ranscripts. I am incarcerated at this time . . . and I'm really in need of getting my [t]rial [t]ranscripts[.]" The District Clerk never responded to Relator's request.

On February 4, 2019, Relator filed in this Court a motion for leave to file an application for the writ of mandamus. In his motion, Relator requested "that this Court direct Respondent [the District Clerk] to order the reporter to prepare a copy of the proceedings of all documents as required by law." Relator asked this Court to order the District Clerk to prepare transcripts and documents from his case—he did not ask this Court to order the District Clerk to respond to his initial request for information on how to obtain these records.

On March 20, 2019, this Court ordered the District Clerk "to file a response stating whether she received a request from the Relator for a statement of costs for his records." The order continued: "If the District Clerk received such a request, she shall state the nature of her response, and if available, provide a copy of the response." The District Clerk responded to this Court's order with a copy of Relator's November 26, 2018 request. She said her office delivered Relator's letter to the court reporter for the court in which Relator was convicted, but no response was ever sent to Relator, and the District Clerk did not provide any rationale

for not responding.

## II. ANALYSIS

In *Bonilla*, this Court held that, when an inmate makes a request for a cost estimate for preparation of the record from his case, the district clerk must respond to the inmate with an estimate. 424 S.W.3d at 533. The Court decided that, if the district clerk deprives the inmate "of the information about the cost to obtain his trial and appellate transcripts, the district clerk's policy . . . deprive[s] [the inmate] of the ability to prepare [a writ] application[,]" thereby denying him access to the courts. *Id.* This holding highlights the reality that an inmate preparing to file an application for a writ of habeas corpus will almost certainly need copies of the trial and appellate records in order to present all of his claims, and it is the district clerk for the county in which the inmate was convicted who can produce copies of the records. *Id.* at 532.

Relator's application raises an interesting question: In light of *Bonilla*, must an inmate use the specific words "cost estimate" in order to trigger the requirement that the district clerk respond? Or is a general request seeking information on how to obtain trial transcripts enough to compel a response under *Bonilla*? A district clerk is not required to produce records free of charge to an inmate for the purpose of preparing an application for the writ of habeas corpus. *See* TEX. GOV'T CODE § 51.318 (a), (b)(7)–(8) (authorizing the district clerk to collect fees for a number of services, including the preparation of a "certified copy of a record, judgment, order, pleading, or paper on file or of record in the district clerk's

office"); *see also Bonilla*, 424 S.W.3d at 532 (holding that indigent defendants do not have a right to a free trial record for purposes of preparing a petition for discretionary review or a collateral attack). Requiring the production of court records free of charge in the discretionary review and post-conviction collateral attack contexts would put an unreasonable burden on district clerks. Indeed, we said in *Bonilla* that "the first step to obtaining a transcript is to find out how much it costs." *Id.* at 533. If the first step to obtaining records is to discern the cost of production, perhaps a request for information on how to obtain the records ought to operate functionally like a request for a cost estimate. Maybe both questions should be met with a response containing an estimate of the cost to prepare the records in the inmate's particular case. *See id.* at 534 ("A district clerk must provide information to an imprisoned or confined individual . . . about the amount it would cost to obtain trial and appellate transcripts so that the individual may then pay for them and use them to pursue an application for a writ of habeas corpus."). A response that does not give the inmate enough information to make payment and receive the records might be insufficient.

Requiring an inmate to use the words "cost estimate" seems like it might put too much focus on form over substance and could lead to an unnecessary expenditure of both judicial and inmate resources. In this case, for example, had the District Clerk responded to Relator's November 26th request for information on how to obtain the records, Relator would have received a clear understanding of how to proceed: provide payment in the amount of money

the district clerk estimated for the production of the records. Under this approach, there would be no need for Relator to seek mandamus, or for this Court to order a response from the District Clerk and dispose of the mandamus application. Responding to an inmate's request for information on how to obtain the records with a cost estimate appears to be both in line with this Court's precedent and the most efficient way to handle these cases.

### III. CONCLUSION

I see very little light between "I'm writing in hopes that you can let me know how I can get my trial [t]ranscripts[,]" and "I'm writing in hopes that you can let me know the cost estimate for preparing my trial transcripts." These requests should both trigger a mandatory response from the District Clerk with the cost estimate for producing the records. But, because Relator has not asked this Court to order the District Clerk to respond with a cost estimate for the preparation of the record in his case—he instead overstepped by asking this Court to order the District Clerk to actually prepare the transcripts and documents in his case—his motion for leave to file should be denied.

With these thoughts, I concur in the Court's disposition denying Relator leave to file.


FILED:          June 5, 2019
PUBLISH