

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BLAKE RILEY BALLARD, | § | No. 08-21-00180-CR |
| Appellant, | § | Appeal from the |
| v. | § | 369th District Court |
| THE STATE OF TEXAS, | § | of Leon County, Texas |
| Appellee. | § | (TC# CM-15-178) |

# **O P I N I O N**

On March 2, 2022, Appellant Blake Ballard filed a motion for rehearing. The Court grants

the motion for rehearing to the extent it narrowly challenged the improper assessment of a $24 fee

for the issuance of three capiases. The opinion and judgment issued on February 28, 2022, are both

withdrawn, and the following is the substituted opinion of the Court.

This is an appeal from a judgment revoking community supervision. In 2015, Blake Riley

Ballard pleaded guilty to burglary of habitation and she was placed on six years' deferred

adjudication. In September 2020, or nearly five years later, the State filed a motion to adjudicate

guilt alleging multiple violations of the conditions of community supervision. On July 29, 2021,

Ballard pleaded true to multiple allegations contained in the State's motion. After an evidentiary

hearing, the trial court revoked Ballard's community supervision, adjudicated her guilty of

burglary of habitation, and sentenced her to sixteen years in prison. We modify the judgment to

delete certain improperly assessed fees and affirm the judgment as modified.

## I. FRIVOLOUS APPEAL

Ballard's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978). Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to Ballard, and he has advised Ballard of her right to review the record, file a pro se brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex. Crim. App. 2014) (setting forth duties of counsel). Counsel also provided Ballard with a copy of the appellate record in compliance with *Kelly.* Ballard has not filed a pro se brief.

After carefully reviewing the record and counsel's brief, we conclude that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. However, in *Anders* cases, as the transferor court has held, appellate courts "have the authority to reform the judgment, and affirm as modified, in cases where non-reversible error is alleged." *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, no pet.). Thus, because court costs are a nonreversible issue that may be corrected within the *Anders* context, we review the assessment of costs questioned by Ballard's counsel in his *Anders* brief.

Specifically, counsel points out that the bill of costs contained the following improperly assessed fees: a $500 fee for court-appointed counsel, a crime stoppers fee that exceeds the amount

2

allowed by law by $100, an impermissible $24 capias issuance fee, and $100 in excessive Sheriff's service fees.

Regarding the $500 fee for court-appointed counsel provided to Ballard during the revocation, the record reflects she was represented by said counsel throughout the entire proceedings due to her indigency status. Once a defendant is found to be indigent, she "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Under article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney's fees *only if* "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs[.]" TEX. CODE CRIM. PROC. ANN. art. 26.05(g). Since Ballard had been found by the trial court to be indigent and the record contains no finding regarding her ability to pay for such assistance with regard to the revocation, we strike the entry of $500 for "court appointed attorney fees" from the bill of costs. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

Regarding the $150 Crime Stoppers fee, we agree with counsel that the fee originally assessed when Ballard was placed on deferred adjudication should not have exceeded $50 in accordance with former article 42.12, § 11(a)(21) of the Code of Criminal Procedure. Act of May 12, 2015, 84th Leg., R.S., ch. 106, § 2, 2015 Tex. Gen. Laws 1104, 1104, *repealed by* Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 1.01, 3.01, 4.01-.02, 2015 Tex. Gen. Laws 2320, 2320-2364, 2395. As such, we reduce by $100, the excessive Crime Stoppers fee reflected in the bill of costs, such that only a fee of $50 is assessed.

As to the $24 fee charged for issuance of three capiases, we disagree with counsel's broad

assertion that Texas Government Code section 51.318 does not apply to criminal cases. *See In re Ingram*, 575 S.W.3d 367, 369 (Tex. Crim. App. 2019) (Yeary, J., concurring) (indicating that Texas Government Code section 51.318 permits a district clerk to collect fees in criminal proceedings for the delineated services). Yet, when more narrowly stated, we agree that said statute applies to delineated circumstances. By its plain words, section 51.318(c) makes any fees due "the obligation of the party to the suit or action initiating the request." TEX. GOV'T. CODE ANN. § 51.318(c). And here, there is no evidence in the record that Ballard herself initiated the request for any of the three capiases. As a result, we strike the charge of $24 for capias issuance fees from the bill of costs.

Finally, we disagree with Ballard's challenge of a Sheriff's fee in an amount over a maximum of $50. The record reflects that Ballard was arrested on three occasions to include after she was indicted, after her motion to adjudicate was filed, and after she failed to appear for a hearing on the motion to adjudicate. The $150 sheriff's fee was correctly assessed in this case, as former article 102.011 of the Code of Criminal Procedure, like the current version, stated in relevant part that upon conviction, a defendant shall pay a fee of $50 to defray the cost of a peace officer's execution of each capias. Act of May 20, 2009, 81st Leg., R.S., ch. 87, § 6.008, 2009 Tex. Gen. Laws 208, 231 (amended 2019) (current version at TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2)). Because the sheriff's fee was statutorily authorized, we deny Ballard's request to strike it.

Although it was not a fee pointed out by Ballard, the order of deferred adjudication included a fine of $3,500, and related to that fine, testimony at the motion-to-adjudicate hearing reflected that Ballard still owed $2,435.66 of the fine. However, when the trial court adjudicated Ballard's guilt and pronounced her sentence, it did not orally pronounce any fine. The trial court was required

4

to orally pronounce the fine because when it adjudicated defendant's guilt, it set aside the order deferring adjudication which included any fine imposed in that order. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). When the oral pronouncement of sentence and the sentence in the written judgment conflict, the oral pronouncement controls. *Id.* at 500. Since no fine was pronounced, we will delete the entry of $2,435.66 for "Fine" from the bill of costs.

## II. CONCLUSION

We modify the bill of costs as follows: by deleting the assessment of $500 in court-appointed attorney's fees incurred during the revocation, and to correctly reflect that no attorney fees are due; by reducing the Crime Stoppers fee by $100, and to correctly reflect a maximum of a $50 Crime Stoppers fee; by deleting the $24 fee assessed for issuance of three capiases, and to correctly reflect that no capias fee is assessed; and, lastly, by deleting the fine of $2,435.66, and to correctly reflect that no fine is due. With the bill of costs so modified, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

GINA M. PALAFOX, Justice

July 27, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)