IN THE
TENTH COURT OF APPEALS


No. 10-21-00104-CR

**CARL CLIFTON CARNLEY,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the 369th District Court
Leon County, Texas
Trial Court No. 19-0011CR

## O P I N I O N

Carl Clifton Carnley pled guilty to the offense of possession of a controlled substance, a state jail felony. Pursuant to a plea bargain agreement, the trial court placed Carnley on five years' community supervision and deferred adjudication of guilt. Approximately eleven months after Carnley was placed on community supervision, the State filed a motion to adjudicate his guilt. After a hearing, the trial court found Carnley violated the terms and conditions of his community supervision as alleged in the State's

first amended motion to adjudicate and assessed Carnley's punishment at twenty-four months' confinement in a state jail facility. The trial court sentenced Carnley accordingly.

Carnley brings this appeal complaining that his plea of guilty was not entered voluntarily or intelligently because he was not admonished of the range of punishment. Carnley's complaint is a challenge to the order deferring adjudication.

An application for writ of habeas corpus under Article 11 of the Texas Code of Criminal Procedure is the proper procedural vehicle to challenge the voluntariness of a plea-bargaining defendant's plea. *See Jordan v. State*, 54 S.W.3d 783, 786–87 (Tex. Crim. App. 2001); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.

We dismiss this issue because we have no jurisdiction to consider the issue.

In his brief, Carnley also adopts complaints regarding financial assessments alleged by his prior counsel in an amended *Allison* brief filed with the Court on December 5, 2022. The complaints are that the trial court improperly assessed a $16 capias issuance fee and an $8 subpoena issuance fee. The judgment in this case reflects that the offense date was December 31, 2018, and the conviction date was April 29, 2021.

> In 2019, the Legislature overhauled the system of court costs for criminal cases. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Gen. Laws 3982 (the "Cost Act"). Among other things, the Cost Act raised the amount of certain costs, consolidated others, repealed some costs altogether, and recategorized certain costs as fines. *See, e.g., Contreras v. State*, Nos. 05-20-00185-CR & 05-20-00186-CR, [2021 WL 6071640, at *6,] 2021 Tex. App. LEXIS 10137, at *16 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication).

*Bradshaw v. State*, 675 S.W.3d 78, 84 (Tex. App.—Waco 2023, pet. filed).

The effective date of the Cost Act was January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.04, 2019 Tex. Gen. Laws 3982, 4036. Section 5.01 of the Cost Act provides that "[a]n offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose." *Id.* § 5.01, 2019 Tex. Gen. Laws 3982, 4035–36. The law in effect on the date of the offense here was section 51.608 of the Texas Government Code, which provides that "the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the date the defendant is convicted of the offense." TEX. GOV'T CODE ANN. § 51.608 (effective June 14, 2013). "Although section 5.01 of the Cost Act requires us to apply the law regarding court costs in effect on the date the offense was committed, section 51.608 of the Texas Government Code requires us to impose the amount of such costs established under the law in effect at the time of conviction." *Bradshaw*, 675 S.W.3d at 84–85. The two costs challenged in this case are governed by section 51.318 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 51.318.

Section 51.318 of the Texas Government Code authorizes the clerk to collect an $8 fee for issuing a subpoena or a writ in criminal cases. *Id.* § 51.318(b)(1)–(2); *see In re Ingram*, 575 S.W.3d 367, 369 (Tex. Crim. App. 2019) (Yeary, J., concurring); *see also Ballard v. State*, No. 08-21-00180-CR, 2022 WL 2965978, at *2 (Tex. App.—El Paso July 27, 2022, no pet.) (not designated for publication). In a criminal case, a capias is a writ. *See* TEX. CODE CRIM.

PROC. ANN. art. 23.01.  Section 51.318(c) provides that "[t]he fee is the obligation of the party to the suit or action initiating the request."  TEX. GOV'T CODE ANN. § 51.318(c).  In this case, there is no record that Carnley applied for issuance of a subpoena or requested issuance of a capias.  Therefore, we delete the $16 capias issuance fee and $8 subpoena issuance fee.  *See Ballard*, 2022 WL 2965978, at *2.

We sustain Carnley's issues relating to the capias fee and subpoena fee and modify the judgment of the trial court to delete imposition of said fees.

We affirm the judgment of the trial court as modified.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray dissenting)
Affirmed as modified
Opinion delivered and filed November 30, 2023
Publish
[CR25]

