

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00001-CR

**WILLIAM MARTIN SWINNER,**

                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                    **Appellee**

### From the 87th District Court
### Leon County, Texas
### Trial Court No. 22-0029CR

## O P I N I O N

William Swinner was found guilty by a jury of the state jail felony offense of unauthorized use of a motor vehicle. *See* TEX. PENAL CODE ANN. § 31.07. Swinner pled true to two alleged prior felony convictions, and the jury assessed his punishment at ten years in the penitentiary.

Swinner's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion, asserting that he has diligently reviewed the appellate record and

that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See id*. at 744, 87 S.Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407–09 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). Although provided the opportunity, Swinner has not filed a response to the motion to withdraw or *Anders* brief. After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Despite finding no reversible error in this record, counsel has identified Category 2 nonreversible error in the judgment of conviction regarding court costs and seeks modification of the judgment. *See Cummins v. State*, 646 S.W.3d 605, 616 (Tex. App.—Waco 2022, pet. ref'd) (noting that Category 2 nonreversible error is error that is

unpreserved but not subject to procedural default). Swinner requests modification of the total court costs in the judgment and challenges the assessment of $500 for a "sheriff service fee" and $40 for an "issue subpoena" fee. The original certified bill of costs dated October 4, 2022, included both fees that are the subject of Swinner's complaint and reflected total court costs of $855. Swinner challenged the fees in his motion for new trial but the record before us does not reflect the motion was ruled on by the trial court. Regardless, a subsequent *uncertified* bill of costs dated January 11, 2023, is included in the record and shows $25 for the "sheriff service fee." Article 102.011(a)(2) of the Code of Criminal Procedure provides for a reimbursement fee of $50 for a defendant convicted of a felony to defray the cost of the services provided in the case by a peace officer for executing or processing an issued arrest warrant, capias, or capias pro fine. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2). Because the fee assessed in the certified bill of costs exceeds $50, we will modify the bill of costs to reflect a $50 "sheriff service fee."

Swinner next challenges the $40 subpoena issuance fee. Section 51.318(b)(1) of the Government Code authorizes the clerk to collect an $8 fee for issuing a subpoena in criminal cases. TEX. GOV'T CODE ANN. § 51.318(b)(1); *see In re Ingram*, 575 S.W.3d 367, 369 (Tex. Crim. App. 2019) (Yeary, J., concurring); *see also Ballard v. State*, No. 08-21-00180-CR, 2022 WL 2965978, at *2 (Tex. App.—El Paso July 27, 2022, no pet.) (not designated for publication). Section 51.318(c) provides that "[t]he fee is the obligation of the party to the suit or action initiating the request." TEX. GOV'T CODE ANN. § 51.318(c). In this case, there

is no record that Swinner applied for issuance of a subpoena.  Therefore, we modify the certified bill of costs by deleting the $40 subpoena issuance fee.  *See Ballard*, 2022 WL 2965978, at *2.

We modify the judgment to reflect total court costs in the amount of $365 and affirm the judgment as modified.  Furthermore, we grant counsel's motion to withdraw from representation of Swinner in this appeal.


                                       MATT JOHNSON
                                       Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray concurring)
Affirmed as modified
Opinion delivered and filed December 14, 2023
Publish
[CR25]

