

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00284-CR

**TROY EUGENE WELCH,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

**From the 278th District Court
Leon County, Texas
Trial Court No. 19-0131CR**

# OPINION

Appellant Troy Eugene Welch pleaded guilty to the offense of aggravated assault with a deadly weapon. The trial court deferred finding him guilty and placed him on community supervision for ten years. The State later filed a motion to adjudicate guilt. At a hearing on the State's motion, Welch entered pleas of "not true" to all alleged violations. The trial court found six of the allegations true, adjudicated Welch's guilt on

the aggravated-assault-with-a-deadly-weapon charge, and sentenced Welch to twelve years' incarceration in the penitentiary.

Welch's prior counsel filed a motion to withdraw and an *Anders* brief in support of the motion, asserting that he had diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Welch was notified by this Court and by counsel of his right to file a response, but he has not done so.

Welch's current counsel has effectively adopted prior counsel's amended *Anders* brief filed with the Court on December 9, 2022, which demonstrates a professional evaluation of the record for error and compliance with the other duties of appointed counsel and additionally identifies several nonreversible issues related to the fees and costs assessed in the bill of costs, what we have termed an *Allison* brief. *See Cummins v. State*, 646 S.W.3d 605, 614 (Tex. App.—Waco 2022, pet. ref'd) (referring to *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order) (per curiam)). When counsel files an *Allison* brief, we "will conduct an independent review of the record for reversible error involving the defendant's conviction and sentence and then treat the briefed nonreversible error as a merits issue." *Id*. at 612.

When counsel files an *Allison* brief, the State is expected to file a response addressing the merits of the nonreversible error presented. *See id.* The State did not file a brief in response to counsel's motion to withdraw and supporting *Anders* brief.

While we find no error that would require reversal of Welch's conviction or sentence, the *Allison* brief, as noted, includes what we identify as Category 2 nonreversible errors that are not subject to procedural default. *See id.* at 616. Claims of error related to the assessment of fees and court costs, as in this case, may be raised for the first time on appeal. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

In cases such as this, appellate courts have the authority to reform judgments and to affirm as modified where nonreversible error is identified. *Cummins*, 646 S.W.3d at 610 n.2; *Allison*, 609 S.W.3d at 628. A court of appeals also has the authority to correct and reform a judgment to make the record speak the truth when it has the information to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing a court of appeals to "modify a trial court's judgment and affirm it as modified"); *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We are also authorized to correct errors in a bill of costs independent of finding error in the trial court's judgment. *See Briceno v. State*, 675 S.W.3d 87, 100–01 (Tex. App.—Waco 2023, no pet.); *Cummins*, 646 S.W.3d at 622 n.12 (citing *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), and *London*, 490 S.W.3d at 508 n.5).

Court costs are not required to be orally pronounced at sentencing as they are not punitive like fines or restitution and do "not alter the range of punishment to which the defendant is subject, or the number of years assessed." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (quoting *Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005)). The imposition of court costs is mandatory under Article 42.16 of the Code of

Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.16; *Martinez v. State*, 507 S.W.3d 914, 916 (Tex. App.—Waco 2016, no pet.). However, the court may only impose those costs that are statutorily authorized. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). There must also be a basis in the record for the assessment of a cost. *See id*. at 390; *see also Wolfenbarger v. State*, 581 S.W.3d 455, 459 (Tex. App.—Texarkana 2019, no pet.).

In his brief, Welch adopts complaints regarding financial assessments alleged by his prior counsel in the amended brief. The complaint contends that the trial court improperly assessed an $8 capias issuance fee and a $16 subpoena issuance fee. The judgment in this case reflects that the offense date was October 22, 2019, and the conviction date was September 29, 2021.

> In 2019, the Legislature overhauled the system of court costs for criminal cases. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Gen. Laws 3982 (the "Cost Act"). Among other things, the Cost Act raised the amount of certain costs, consolidated others, repealed some costs altogether, and recategorized certain costs as fines. *See, e.g., Contreras v. State*, Nos. 05-20-00185-CR & 05-20-00186-CR, [2021 WL 6071640, at *6,] 2021 Tex. App. LEXIS 10137, at *16 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication).

*Bradshaw v. State*, 675 S.W.3d 78, 84 (Tex. App.—Waco 2023, pet. filed).

The effective date of the Cost Act was January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.04, 2019 Tex. Gen. Laws 3982, 4036. Section 5.01 of the Cost Act provides that "[a]n offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is

continued in effect for that purpose." *Id.* § 5.01, 2019 Tex. Gen. Laws 3982, 4035–36. The law in effect on the date of the offense here was section 51.608 of the Texas Government Code, which provides that "the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the date the defendant is convicted of the offense." TEX. GOV'T CODE ANN. § 51.608 (effective June 14, 2013). "Although section 5.01 of the Cost Act requires us to apply the law regarding court costs in effect on the date the offense was committed, section 51.608 of the Texas Government Code requires us to impose the amount of such costs established under the law in effect at the time of conviction." *Bradshaw*, 675 S.W.3d at 84–85. The two costs challenged in this case are governed by section 51.318 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 51.318.

Section 51.318 of the Texas Government Code authorizes the clerk to collect an $8 fee for issuing a subpoena or a writ in criminal cases. *Id.* § 51.318(b)(1)–(2); *see In re Ingram*, 575 S.W.3d 367, 369 (Tex. Crim. App. 2019) (Yeary, J., concurring); *Briceno*, 675 S.W.3d at 97–98; *see also Ballard v. State*, No. 08-21-00180-CR, 2022 WL 2965978, at *2 (Tex. App.—El Paso July 27, 2022, no pet.) (not designated for publication). In a criminal case, a capias is a writ. *See* TEX. CODE CRIM. PROC. ANN. art. 23.01. Section 51.318(c) provides that "[t]he fee is the obligation of the party to the suit or action initiating the request." TEX. GOV'T CODE ANN. § 51.318(c). In this case, there is no record that Welch applied for issuance of

a subpoena or requested issuance of a capias. Therefore, we delete the $8 capias issuance fee and $16 subpoena issuance fee. *See Ballard*, 2022 WL 2965978, at *2.

We sustain Welch's issues relating to the capias fee and subpoena fee and modify the judgment of the trial court and bill of costs to delete imposition of said fees.

We affirm the judgment of the trial court as modified.

Counsel's motion to withdraw from representation is granted.


MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray dissenting)
Affirmed as modified
Opinion delivered and filed December 14, 2023
Publish
[CR25]

