

# IN THE
## TENTH COURT OF APPEALS

### No. 10-21-00158-CR

**HOLLIS LANE WILLINGHAM,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 369th District Court**
**Leon County, Texas**
**Trial Court No. 19-0032CR**

## O P I N I O N

Hollis Lane Willingham was found guilty by a jury of the third-degree felony offense of evading arrest or detention in a vehicle. *See* TEX. PENAL CODE ANN. § 38.04; *see also Ex parte Jones*, 440 S.W.3d 628, 636 (Tex. Crim. App. 2014). Willingham pleaded true to an enhancement allegation, and the jury assessed his punishment at eighteen years' confinement in prison and a $10,000 fine. The trial court sentenced him accordingly. Willingham contends on appeal that (1) the evidence is legally insufficient to prove that he knew the attempted arrest or detention was lawful, (2) the trial court failed to instruct

the jury that the State must prove that he knew the arrest or detention was lawful, and (3) the trial court assessed unauthorized court costs.

## Issue One

Willingham argues that section 38.04 of the Penal Code requires proof that he knew the attempted arrest or detention was lawful. The Court of Criminal Appeals recently addressed this issue in *Nicholson v. State*, 682 S.W.3d 238 (Tex. Crim. App. 2024), and set forth the elements of the evasion statute as follows: (1) a person (2) intentionally flees (3) from a peace officer or federal special investigator (4) with knowledge he is a peace officer or federal special investigator (5) with knowledge the peace officer or special investigator is attempting to arrest or detain the defendant, and (6) the attempted arrest or detention is lawful. *Id.* at 244–45. The Court of Criminal Appeals concluded that section 38.04(a) of the Penal Code does not require the *mens rea* to be applied to the lawfulness of the detention or arrest. *Id.*

We overrule Willingham's first issue.

## Issue Two

Next, Willingham argues that the trial court failed to instruct the jury that the State was required to prove Willingham knew the arrest or detention was lawful. The purpose of the jury charge is to instruct the jurors on all of the law that is applicable to the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). "Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense." *Id.* (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)). The jury charge correctly followed the law

and did not require a finding that Willingham knew the attempted arrest or detention was lawful. *See Nicholson*, 682 S.W.3d at 244–45.

We overrule Willingham's second issue.

**Issue Three**

After abatement to the trial court and entry of a Judgment Nunc Pro Tunc, Willingham argues that the trial court improperly imposed a $5.00 release reimbursement fee, an $8.00 issuance of a precept fee, and a $15.00 time payment fee.

In Willingham's challenge to the assessment of the $5.00 release reimbursement fee, he contends that because he was never released and was continuously confined since his initial arrest on the charge, the release reimbursement fee is improper. The trial court's judgment ordered the County Sheriff "to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment." The County Sheriff was required to release Willingham into the possession of the prison system. Willingham was properly assessed the $5.00 fee. *See Briceno v. State*, 675 S.W.3d 87, 97 (Tex. App.—Waco 2023, no pet.); *Williams v. State*, 495 S.W.3d 583, 591–92 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017) (per curiam) (not designated for publication).

In Willingham's challenge to the $8.00 issuance of a precept fee, he contends the fee was improperly assessed because section 51.318 of the Government Code is not applicable in criminal cases. Section 51.318 authorizes the clerk to collect an $8 fee for issuing a subpoena or a writ in criminal cases. TEX. GOV'T CODE ANN. § 51.318(b)(1)–(2);

*see In re Ingram*, 575 S.W.3d 367, 369 (Tex. Crim. App. 2019) (Yeary, J., concurring); *Briceno*, 675 S.W.3d at 97; *Carnley v. State*, 682 S.W.3d 287, 289 (Tex. App.—Waco 2023, no pet.); *Welch v. State*, No. 10-21-00284-CR, 2023 WL 8633996, at *2 (Tex. App.—Waco Dec. 14, 2023, no pet.). In a criminal case, a capias is a writ. *See* TEX. CODE CRIM. PROC. ANN. art. 23.01. Section 51.318(c) provides that "[t]he fee is the obligation of the party to the suit or action initiating the request." TEX. GOV'T CODE ANN. § 51.318(c). In this case, there is no record that Willingham applied for issuance of a subpoena or requested issuance of a capias. Therefore, we delete the $8 issuance of a precept fee. *See Briceno*, 675 S.W.3d at 97; *Carnley*, 682 S.W.3d at 289; *Welch*, 2023 WL 8633996, at *2.

In Willingham's challenge to the $15.00 time payment fee, he contends the fee was improperly assessed because article 102.030 of the Code of Criminal Procedure does not apply because the offense was committed in 2019. *See* TEX. CODE CRIM. PROC. art. 102.030; *see also* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.04, 2019 Tex. Gen. Laws at 3982, 4035.

In 2019, the Legislature overhauled the system of court costs in criminal cases and the new law (the Cost Act) took effect on January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.04, 2019 Tex. Gen. Laws 3982, 4036; *Bradshaw v. State*, 675 S.W.3d 78, 84 (Tex. App.—Waco 2023, pet. granted). With respect to its effective date, the Cost Act provides:

> SECTION 5.01. Except as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act. ***An offense committed before the effective date of this Act is governed by the law in effect on***

> ***the date the offense was committed, and the former law is
> continued in effect for that purpose.*** For purposes of this
> section, an offense was committed before the effective date of
> this Act if any element of the offense occurred before that
> date.

Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Gen. Laws 3982, 4035–36

(emphasis added).

In this case the judgment reflects that Willingham committed the charged offense

on March 29, 2019. Because the offense was committed before the January 1, 2020

effective date of the Cost Act, we apply the law in effect on the date the offense was

committed.

> The law governing court costs on the date the offense was committed
> included section 51.608 of the Texas Government Code, which provides the
> following:
>
>> Notwithstanding any other law that establishes the amount
>> of a court cost collected by the clerk of a district, county, or
>> statutory county court from a defendant in a criminal
>> proceeding based on the law in effect on the date the offense
>> was committed, the amount of a court cost imposed on the
>> defendant in a criminal proceeding must be the amount
>> established under law in effect on the date the defendant is
>> convicted of the offense.
>
> TEX. GOV'T CODE ANN. § 51.608 (effective June 14, 2013). Section 51.608
> unambiguously states that the amount of court costs must be based on the
> law "in effect" on the *date of conviction*. *See id.*; *Clark v. State*, 994 S.W.2d 166,
> 168 (Tex. Crim. App. 1999) (noting that when the language of a statute is
> unambiguous, we give effect to the plain meaning of the words unless
> doing so would lead to absurd results); *see also Contreras* [*v. State*], [Nos. 05-
> 20-00185-CR, 05-20-00186-CR,] 2021 WL 6071640, at *6 [(Tex. App.—Dallas
> Dec. 23, 2021, no pet.) (mem. op., not designated for publication)].

*Bradshaw*, 675 S.W.3d at 84.

Willingham was convicted on June 29, 2021. While section 5.01 of the Cost Act requires application of the law regarding court costs in effect on the date the offense was committed, section 51.608 of the Government Code requires application of the amount of such costs established under the law in effect at the time of conviction, which, in this case, is the $15 fee established by article 102.030(a) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. § 51.608; *Bradshaw*, 675 S.W.3d at 84–85; *see also* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.04, 2019 Tex. Gen. Laws 3982, 4035–36.

However, the assessment of the time payment fee is premature, and we delete the time payment fee, without prejudice to the fee being assessed later if, more than thirty days after the issuance of the appellate mandate, Willingham fails to completely pay any fine, court costs, or restitution owed. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

We overrule issue three's complaint that the trial court erred in assessing the restitution fee for release and we sustain issue three's complaints regarding the $8.00 fee for issuance of a precept and the $15.00 time payment fee.

Having overruled Willingham's issues one and two and having sustained in part and overruled in part issue three, we modify the trial court's judgment and bill of costs by deleting the $15 time payment fee and reducing court costs by $8.00. The trial court's judgment is affirmed as modified.

MATT JOHNSON
Justice


Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
(Chief Justice Gray dissenting)
Affirmed as modified
Opinion delivered and filed February 29, 2024
Publish
[CR25]

